MCGREGOR W. SCOTT
United States Attorney
MATTHEW D. SEGAL
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2708

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR.S-05-270 DFL |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANTS' MOTIONS TO SUPPRESS |
| CHARLES DOSSMAN, et al., | |
| Defendants. | |

On November 9, 2006 the Court heard argument on the Motions to Suppress filed by Defendants Charles Dossman, Rudolph Gibson, and Brenda Murphy.

In denying the Motions to Suppress brought by Defendants Gibson and Murphy, the Court found that the Affidavit contained probable cause to believe that Murphy's residence, 2811 Aquino, was a stash house for illegal narcotics or was in some way involved in Rudolph Gibson's drug dealing and that Gibson was using the residence in some way or another to facilitate drug dealing. (Nov. 9, 2006 Tr. at 10.)  Alternatively, suppression was inappropriate because the officers relied in the good faith on the state court judge's determination of probable cause.

1

1  United States v. Leon, 468 U.S. 897, 923 (1984).  (Nov. 9, 2006
2  Tr. at 10.)
3       The Court also denied Defendant Dossman's Motion to
4  Suppress.  There was probable cause to search Defendant Dossman's
5  residence at 2949 North Meadows.  There was probable cause that
6  Defendant Gibson was very actively dealing drugs and using
7  Defendant Dossman's residence at 2949 North Meadows as part of
8  Gibson's drug dealing activity.  (Nov. 9, 2006 Tr. at 19.)
9  Further, there was evidence that Gibson and Dossman were sharing
10 vehicles and that Dossman himself was engaged in drug dealing.
11 The officers certainly relied in good faith on the state court
12 judge's determination of probable cause.  Leon, 468 U.S. at 923.
13 There was no misleading of the judge who signed the warrant.
14 (Nov. 9, 2006 Tr. at 19.)
15      Regarding the nighttime service authorization, the Court
16 finds that the officers' concerns were serious and permitted a
17 judge to authorize nighttime search.  Even if this Court might
18 not have authorized nighttime search on the facts in the
19 affidavit, the officers were entitled to rely in good faith on
20 the judge's authorization.  (Nov. 9, 2006 Tr. at 20, 26.)
21 Further, a 5:30 a.m. search is not a violation of constitutional
22 dimensions and, in light of Hudson v. Michigan, 126 S. Ct. 2159,
23 2168 (2006), suppression would not be an appropriate remedy for a
24 search that was defective only because of its hour.  See id., 126
25 ("resort to the massive remedy of suppressing evidence is
26 unjustified" for violation of knock-notice rule).
27      The matters raised by Defendant Dossman as misstatements in
28 the Affidavit are immaterial to probable cause to search his

residence.  Thus, they do not warrant the <u>Franks</u> hearing requested by Defendant Dossman.  (Nov. 9,, 2006 Tr. at 26-27.)

**SO ORDERED.**

DATE: April 30, 2007

<u>/s/ David F. Levi</u>
HON. DAVID F. LEVI
U.S. District Judge